IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> v.  ) </br> ) </br> JAMAR EDWARD HAYES, ) </br> Defendant. ) </br> _____ ) | Criminal Case No. 4:16cr98 (RCY) |

## MEMORANDUM OPINION

This matter is before the Court on the Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by the Defendant *pro se* on January 8, 2021, and February 1, 2021 (ECF Nos. 39, 41) ("Motions for Compassionate Release").

Defendant Jamar Edward Hayes ("Hayes") was arrested on an eight-count indictment on January 18, 2017.  (ECF Nos. 1, 5, 6.)  He was remanded into custody.  (ECF Nos. 6, 8, 9, 10.) On August 10, 2017, Hayes pled guilty to a four-count criminal information charging him with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Criminal Copyright Infringement, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1)  (ECF Nos. 15, 16, 17, 18, 19, 20, 21, 22.)  The advisory sentencing guideline range for Hayes was 108 to 135 months, and Count Two required a mandatory minimum sentence of 60 months.  At the sentencing hearing on November 28, 2017, Senior United States District Judge Henry C. Morgan, Jr. sentenced Hayes below the advisory guideline range to a total term of imprisonment of 84 months.  (ECF Nos. 31, 32, 33.)

According to the Bureau of Prisons ("BOP"), Hayes was transferred by the BOP on March 3, 2021, from prison into a halfway house (also called a residential reentry center or RRC), where he is under the supervision of the BOP-designated residential reentry managers ("RRMs"). The RRMs can transfer Hayes into home confinement if they determine it is appropriate to do so. The transfer of Hayes was pursuant to 18 U.S.C. § 3624(c), because Hayes was within the time frames set forth in § 3624(c) for such placement. Hayes' placement did not require application of the BOP's expanded authority under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).[1] BOP anticipates that Hayes will complete his sentence on November 6, 2021, at which point he will begin his four-year term of supervised release. *See* https://www.bop.gov/inmateloc/ (and enter Hayes' name or BOP number).

Hayes' case was reassigned to the undersigned on November 5, 2020. The Motions for Compassionate Release and exhibits have been reviewed and considered. For the reasons set forth herein, the Motions for Compassionate Release will be denied.

The Motions for Compassionate Release sought Hayes' release from FCI Morgantown, the facility in which he was detained, because of Hayes' medical conditions, described in the Motions for Compassionate Release, and his "increased risk for severe illness" from the COVID-19 virus. (Motion for Compassionate Release, ECF No. 41 at 11.) Given that Hayes was released from FCI

---

[1] Under § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or six months." The CARES Act permits the BOP to expand these time frames. The Court has no authority under § 3624(c)(2) to direct the BOP to place an incarcerated defendant in home confinement because such decisions are committed solely to the BOP's discretion. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that federal courts lack jurisdiction to grant early release to home confinement). Once a court imposes a sentence, "[t]he [BOP] shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b). *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decisionmaking authority rests with the BOP.") (emphasis in original).

Morgantown and is being permitted to serve the remainder of his sentence at a halfway house, it seems that the relief Hayes sought has been effectuated by the BOP's having transferred Hayes from the prison to the halfway house, arguably rendering the Motions for Compassionate Release moot. Nevertheless, the Court has considered the Motions.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.* Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. § 3582(c)(1)(A).

To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2). With regard to "applicable policy statements issued by the Sentencing Commission," the United States Court of Appeals for the Fourth Circuit

recently clarified that "there currently exists no 'applicable policy statement[].'" *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). Therefore, the guidance under § 1B1.13 of the United States Sentencing Commission Guidelines Manual does not apply to a motion for a reduction filed by a defendant. *Id.* at 282 ("A sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement.' By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions.") (citations omitted). Thus, the Fourth Circuit explains in the *McCoy* opinion that "district courts need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *Id.* at 283.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after the Court finds (1) that the defendant establishes extraordinary and compelling reasons for the reduction, and (2) that a reduction in the defendant's sentence would not undermine the relevant factors under § 3553(a).

The Court assumes for purposes of addressing the pending motions in this case that Hayes exhausted his administrative remedies. However, despite the fact that Hayes suffers from several serious medical conditions, as described in the Motions for Compassionate Release, there is no indication that these conditions were not being properly addressed and treated within the BOP, and the Court does not find that "extraordinary and compelling reasons" warrant a reduction in Hayes' sentence. This is especially true in light of Hayes' transfer to the halfway house, which has mooted his concern about his particular vulnerability to contracting COVID-19 within FCI Morgantown. Moreover, the Court finds that a reduction in Hayes' sentence would undermine the relevant § 3553(a) factors. While Hayes has some serious medical conditions that require continued treatment, those conditions were being properly treated while Hayes was incarcerated and are not so severe as to provide an extraordinary and compelling reason for a reduction in his sentence.

Nor does the Court, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors. The Court finds that a reduction in Hayes' sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense and the history and characteristics of the Defendant. Accordingly, the Motions for Compassionate Release will be denied.

An appropriate Order shall issue.

Richmond, Virginia
Date: March 16, 2021

/s/
Roderick C. Young
United States District Judge